AO 245 B (Rev. 06/05)(W.D.TX.) - Judgment in a Criminal Case

FILED

UNITED STATES DISTRICT COURT
Western District of Texas
SAN ANTONIO DIVISION

MAY 21 2012

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

UNITED STATES OF AMERICA

v.

CAROLINE HERNANDEZ,
a/k/a Caroline Amine,
Carol

Defendant.

Case Number   SA-11-CR-603 (1)-XR
USM Number   80754-280

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

The defendant, CAROLINE HERNANDEZ, was represented by Brandon Todd Hudson.

On motion of the United States, the Court has dismissed the remaining Count(s) of the Indictment as to this defendant.

The defendant pled guilty to Count(s) Two (2) of the Indictment on January 5, 2012. Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count(s) |
|---|---|---|---|
| 18 USC § 1347 | Health Care Fraud | December 11, 2006 | Two (2) |

As pronounced on May 15, 2012, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the _____ day of May, 2012.

_____
XAVIER RODRIGUEZ
United States District Judge

AO 245 B (Rev. 06/05)(W.D.TX.) - Probation

Judgment--Page 2

Defendant:  CAROLINE HERNANDEZ
Case Number:  SA-11-CR-603 (1)-XR

## PROBATION

The defendant is hereby placed on probation for a term of **FIVE (5) Years.**

While on probation, the defendant shall comply with the mandatory and standard conditions that have been adopted by this Court.

AO 245 B (Rev. 05/04)(W.D.TX.) - Supervised Release

Judgment--Page 3

Defendant: CAROLINE HERNANDEZ
Case Number: SA-11-CR-603 (1)-XR

## CONDITIONS OF PROBATION

### Mandatory Conditions:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not unlawfully possess a controlled substance.

3) The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court) for use of a controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

4) In supervised release cases only, the defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

5) If convicted of a felony, the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

6) The defendant shall cooperate in the collection of DNA as directed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

7) If convicted of a sexual offense and required to register under the Sex Offender and Registration Act, that the defendant comply with the requirements of the Act.

8) If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

9) If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

### Standard Conditions:

1) The defendant shall not leave the judicial district without permission of the court or probation officer.

2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4) The defendant shall support his or her dependents and meet other family obligations, and shall comply with the terms of any court order or order of an administrative process requiring payments by the defendant for the support and maintenance of a child or of a child and the parent with whom the child is living.

5) The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him or her at any time, at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

AO 245 B (Rev. 05/04)(W.D.TX.) - Supervised Release

Judgment--Page 4

Defendant: CAROLINE HERNANDEZ
Case Number: SA-11-CR-603 (1)-XR

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that my be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications, and to confirm the defendant's compliance with such notification requirement.

14) If convicted of a sex offense as described in the Sex Offender Registration and Notification Act or has a prior conviction of a State or local offense that would have been an offense as described in the Sex Offender Registration and Notification Act if a circumstance giving rise to federal jurisdiction had existed, the defendant shall participate in a sex offender treatment program approved by the probation officer. The defendant shall abide by all program rules, requirements and conditions of the sex offender treatment program, including submission to polygraph testing, to determine if the defendant is in compliance with the conditions of release. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

15) The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

16) The defendant shall submit to an evaluation for mental health counseling as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a mental health program approved by the probation officer. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

17) The defendant shall participate in a cognitive behavioral treatment program as directed by the probation officer, and if deemed necessary by the probation officer. Such program may include group sessions led by a counselor or participation in a program administered by the probation office. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

18) The defendant shall participate in workforce development programs and services as directed by the probation officer, and if deemed necessary by the probation officer, which include occupational/career development, including but not limited to assessment and testing, education, instruction, training classes, career guidance, job search and retention services until successfully discharged from the program. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

19) If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally reenter the United States. If the defendant lawfully reenters the United States during the term of probation or supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

20) If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

21) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

22) If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

Defendant:  CAROLINE HERNANDEZ
Case Number:  SA-11-CR-603 (1)-XR

## CRIMINAL MONETARY PENALTIES/ SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth.  Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court,  655 E. Cesar E. Chavez Blvd, Room G-65, San Antonio, Texas 78206.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTAL: | $100.00        | $0       | $30,377.47      |

### Special Assessment

It is ordered that the defendant shall pay to the United States a special assessment of $100.00.   Payment of this sum shall begin immediately.

### Fine

The fine is waived because of the defendant's inability to pay.

### Restitution - Jointly and Severally

The defendant shall pay restitution in the amount of $30,377.47 through the Clerk, U.S. District Court, for distribution to the payee(s).  Payment of this sum shall begin immediately. No further payment shall be required after the sum of the amounts actually paid by the defendants/participants Angela N. Grado - SA-11-CR-603(2)-XR, has fully covered all the compensable injuries.

The Court directs the United States Probation Office to provide personal identifier information of victims by submitting a "reference list" under seal Pursuant to E-Government Act of 2002" to the District Clerk within ten(10) days after the criminal Judgment has been entered.

| **Name of Payee** | **Amount of Restitution** |
|---|---|
| Health and Human Services Commission (HHSC) Office of the Inspector General (OIG) Sanctions Division, Metric Blvd. Building I, MC-1358, Austin, Texas 78758 Ref.: Restitution for Case No. 6-11-00243-9 | $30,377.47 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above.  However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed.  See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f).  All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1)  assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest,  (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.